UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION OF　　)
THE UNITED STATES OF AMERICA FOR AN　　)
ORDER AUTHORIZING THE INTERCEPTION　　)　　Misc. No. 07-01 (RMC)
OF ORAL COMMUNICATIONS INSIDE A 1998　　)　　(Under Seal)
CHEVROLET PICKUP TRUCK WITH DISTRICT　　)
OF COLUMBIA REGISTRATION BZ0597 AND　　)　　FILED
VEHICLE IDENTIFICATION NUMBER　　)
1GCGK29R0WE126375　　)　　MAR 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## AMENDED ORDER AUTHORIZING THE INTERCEPTION OF ORAL COMMUNICATIONS

Application under oath having been made before me by Anthony Scarpelli and William J. O'Malley, Jr., Assistant United States Attorneys for the District of Columbia, who are investigative or law enforcement officers of the United States within the meaning of Section 2510(7) of Title 18, United States Code, for an Order authorizing the interception of oral communications pursuant to Section 2518 of Title 18, United States Code, and full consideration having been given to the matter set forth therein, the Court finds:

A. There is probable cause to believe that LONNELL GEORGE GLOVER, ANTHONY MAURICE SUGGS, also known as "APPLEJACK," DARRELL CALHOUN, BRENDA DONALDSON, also known as BRENDA MAY, JULIAN JOHNSON, also known as "JUJU," also known as "JU," JAMES LAWRENCE PARKER, also known as "YOGI," DESALINES CARROLL BATTLE, also known as "DEZZIE," MAURICE JERMAINE WILLIAMS, also known as "MO," ERNEST MILTON GLOVER, also known as "FISH," GLENDALE EARL LEE, also known as "GLEN," CHARLES GLADDEN, also known as "BOONE," TONY HARRIS, also known as "T," CHRISTIAN DONALDSON, DIANE HOLMES, JAMES TAYLOR, EVELYN SMITH, DERRICK SUGGS, an unidentified male known as "SMITTY," an unidentified male known as "STRAP," also

known as "SCRAP," VELMA WILLIAMS also known as "MA" or "MOTHER," HELERY PRICE, also known as "BROTHER," CURTIS GRAY, CORNELL ANTHONY GLOVER, also known as TONY an unidentified male known as "HB," and others as yet unknown, have committed, are committing, and will continue to commit violations of (i) possession with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to commit such offenses, in violation of 21 U.S.C. § 846; (ii) use of communication facilities to facilitate the commission of the above offenses involving controlled substances, in violation of 21 U.S.C. § 843(b); and (iii) the laundering of proceeds of specified unlawful activity, to wit, possession with intent to distribute and distribution of controlled substances, in violation of 18 U.S.C. §§ 1956 and 1957.

B. There is probable cause to believe that particular oral communications of LONNELL GEORGE GLOVER, ANTHONY MAURICE SUGGS, also known as "APPLEJACK," DARRELL CALHOUN, BRENDA DONALDSON, also known as BRENDA MAY, JULIAN JOHNSON, also known as "JUJU," also known as "JU," JAMES LAWRENCE PARKER, also known as "YOGI," DESALINES CARROLL BATTLE, also known as "DEZZIE," MAURICE JERMAINE WILLIAMS, also known as "MO," ERNEST MILTON GLOVER, also known as "FISH," GLENDALE EARL LEE, also known as "GLEN," CHARLES GLADDEN, also known as "BOONE," TONY HARRIS, also known as "T," CHRISTIAN DONALDSON, DIANE HOLMES, JAMES TAYLOR, EVELYN SMITH, DERRICK SUGGS, an unidentified male known as "SMITTY," an unidentified male known as "STRAP," also known as "SCRAP," VELMA WILLIAMS also known as "MA" or "MOTHER," HELERY PRICE, also known as "BROTHER," CURTIS GRAY, CORNELL ANTHONY GLOVER, also known as TONY an unidentified male

LDCHEVROLETAMENDEDORDER-0000883

known as "HB," and others as yet unknown concerning the above-described offenses will be obtained through the interception for which authorization has herewith been applied. In particular, there is probable cause to believe that the interception of oral communications in and within the vicinity of a 1998 Chevrolet pickup truck with District of Columbia registration BZ0597 and VIN 1GCGK29R0WE126375, will concern the specifics of the above offenses, including the manner and means of the commission of the offenses. In particular, these oral communications will concern the: (i) the nature, scope, extent and methods of operation of the narcotics trafficking activities in which the targeted subjects and others as yet unknown or not yet fully identified are engaged; (ii) the methods of operation and procedures of the targeted subjects including, but not limited to, the means and manner by which individuals are obtaining and redistributing large quantities of PCP, cocaine and cocaine base, also known as crack cocaine, in various locations in the United States; (iii) the identities, roles, and telephone numbers of co-conspirators, accomplices, aiders and abettors and other participants in such illegal activity; (iv) the source of money and controlled substances, primarily PCP, cocaine and cocaine base, also known as crack cocaine; (v) the manner in which these illegal activities are being conducted, including the distribution and possession of said controlled substances and transfer of the contraband and money involved in those activities; (vi) the existence and location of apartments, residences, businesses and other premises used in the furtherance of the illegal activity; (vii) the methods of operation for laundering proceeds of illegal drug sales; (viii) the existence and location of records of the illegal activity; (ix) the existence, location and source of resources used to finance the illegal activity; (x) the existence, location and disposition of proceeds from the activity; (xi) the existence and location of any other items or means used in furtherance of those activities; (xii) the dates, times, and details for the continued

LDCHEVROLETAMENDEDORDER-0000884

commission of the above-mentioned offenses; and (xiii) other evidence necessary for successful prosecution and conviction of the above-described criminal activity. In addition, the communications are expected to constitute admissible evidence of the commission of the above-described offenses.

C. It has been established that normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous to employ.

D. There is probable cause to believe that the 1998 Chevrolet pickup truck with District of Columbia registration BZ0597 and VIN 1GCGK29R0WE126375 has been and will continue to be used in the District of Columbia and elsewhere in connection with the commission of the above-described offenses and that oral communications relevant to the investigation of the above-described offenses will occur in and within the vicinity of the target vehicle.

E. There is probable cause to believe that geolocation data provided by the monitoring device concerning the target vehicle will be evidence of activity in violation of the above-described offenses.

**WHEREFORE**, it is hereby

**ORDERED** that Special Agents of the Federal Bureau of Investigation, and participating law enforcement agencies including the Metropolitan Police Department of the District of Columbia, are authorized, pursuant to an application authorized by Barry Sable, Deputy Assistant Attorney General of the Criminal Division, United States Department of Justice, pursuant to the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Section 2516 of Title 18, United States Code, to intercept oral communications in and within the vicinity of the target vehicle including the conversations of others outside the truck

4

directed at those inside the truck as well as any background conversations intercepted while monitoring conversations of persons inside the truck.

PROVIDED that such interceptions shall not terminate automatically after the first interception that reveals the manner in which the alleged co-conspirators and others as yet unknown conduct their illegal activities, but may continue until all communications are intercepted which reveal fully the manner in which the above-named persons and others as yet unknown are committing the offenses described herein, and which reveal fully the identities of their confederates, their places of operation, and the nature of the conspiracy involved therein, or for a period of thirty (30) days measured from the date on which this order is entered. It is

**FURTHER ORDERED** that in the event that target vehicle which is a 1998 Chevrolet pickup truck with District of Columbia registration BZ0597 and VIN 1GCGK29R0WE126375 registered to LONNELL G. GLOVER at 1820 M Street, N.E., Washington, D.C., 20002, is transferred outside the territorial jurisdiction of this court, interceptions may take place in any other jurisdiction within the United States. It is

**FURTHER ORDERED** that, based upon the request of the Applicants, Special Agents of the Federal Bureau of Investigation are permitted to make all necessary surreptitious and/or forcible entries to and temporary seizures of the target vehicle to effectuate the purposes of the Court's order, whether the target vehicle is located in the District of Columbia, the District of Maryland or the Eastern District of Virginia, including but not limited to entries to install, maintain and remove electronic listening devices within the 1998 Chevrolet pickup truck with District of Columbia registration BZ0597 and VIN 1GCGK29R0WE126375. On the first business day after any such surreptitious entry or seizure the United States will notify the Court of the entry or seizure. It is

LDCHEVROLETAMENDEDORDER-0000886

**FURTHER ORDERED** that, based upon the request of the Applicants, Special Agents of the Federal Bureau of Investigation are permitted to utilize the monitoring device to recover geolocation data provided by the monitoring device concerning the position of the target vehicle and that in the event that target vehicle is transferred outside the territorial jurisdiction of this court, monitoring on of the target vehicle's position may take place in any other jurisdiction within the United States. It is

**FURTHER ORDERED** that this Order shall be executed as soon as practicable and that all monitoring of oral communications shall be conducted in such a way as to minimize the interception and disclosure of the communications intercepted to those communications relevant to the pending investigation. The interception of oral communications must terminate upon the attainment of the authorized objectives, not to exceed 30 days measured from the earlier of the day on which investigative or law enforcement officers first begin to conduct an interception pursuant to this Order or 10 days after the original Order was entered, that is, this Amended Order in no way extends the computation of time set forth in the Court's original Order.

Monitoring of conversations must terminate immediately when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119, Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If the conversation is minimized, the monitoring agent shall spot check to ensure that the conversation has not turned to criminal matters. Special attention shall be given to minimize all

LDCHEVROLETAMENDEDORDER-0000887

privileged communications. It is

**FURTHER ORDERED** that Assistant United States Attorneys Anthony Scarpelli, William J. O'Malley, Jr., or any other Assistant United States Attorney familiar with the facts of this case shall provide this Court with a report on or about the fifteenth and thirtieth days following the date of this Order, or as soon thereafter as practicable, showing what progress has been made toward achieving the authorized objectives and the need for continued interception. It is

**FURTHER ORDERED** that this Order, the Application, Affidavit and the proposed Order, and all interim reports filed with this Court with regard to this matter shall be sealed until further order of this Court, except that copies of the orders, in full or redacted form, may be served on the Federal Bureau of Investigation and its participating law enforcement agencies including the Metropolitan Police Department of the District of Columbia, and the service providers as necessary to effectuate this order and it is

**FURTHER ORDERED** that file stamped and certified copies of the Application and Affidavit and three certified copies of the Order and the Order to the Service Provider shall be provided by the Clerk of this Court to the Office of the United States Attorney for the District of Columbia.

_____
ROSEMARY M. COLLYER, Judge
United States District Court
for the District of Columbia

Dated this 20th day of March, 2007.

Time: 12:51 pm

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____
Deputy Clerk

7

LDCHEVROLETAMENDEDORDER-0000888