**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Crim. No. 07-153-01 (TFH) |
| **LONNELL GLOVER,**<br>           Defendant. | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO SUPPRESS EVIDENCE OBTAINED FROM GEOLOCATION**
**TRACKING DEVICE INSTALLED IN DEFENDANT'S PICKUP TRUCK**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to Defendant Lonnell Glover's Motion to Suppress Evidence Obtained from Geolocation Tracking Device (GPS) Installed on a 1998 Chevrolet Pickup Truck, District of Columbia Registration BZ0597; and Memorandum of Points and Authorities in Support thereof. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

### I. FACTUAL BACKGROUND

In the fall of 2005, law enforcement developed information that Anthony Maurice Suggs was distributing large quantities of Phencyclidine (PCP) in the Washington, D.C. area. Law enforcement officers collected substantial evidence that Suggs was actively distributing gallons of PCP and cocaine. (Suggs and six other defendants were indicted in Criminal Case 07-152 with Conspiracy to Possess with Intent to Distribute and to Distribute One Kilogram or more of Phencyclidine. Those cases have been resolved).

After obtaining credible evidence of Suggs' drug trafficking, the government prepared an affidavit in support of wire interceptions over the cellular telephone used by Suggs, and on January

8, 2007, the Honorable Rosemary M. Collyer, United States District Court Judge for the District of Columbia, found probable cause for the interceptions of Suggs' telephone, and approved the interceptions. Within two weeks of intercepting Suggs' telephone calls, law enforcement officers determined that Suggs' supplier of PCP was Lonnell Glover.

The government prepared an affidavit in support of wire interceptions over the cellular telephone used by Glover, and on February 9, 2007, Judge Collyer found probable cause for interceptions over Glover's telephone, and approved the interceptions. Also, after obtaining credible evidence that Glover used his pickup truck as an integral mode of transporting drugs, the government prepared an affidavit in support of oral interceptions in and in the vicinity of Glover's pickup truck. On March 19, 2007, Judge Collyer found probable cause for interceptions in and in the vicinity of Glover's pickup truck, and approved the interceptions. (See Government's Exhibit A). On March 20, 2007, Judge Collyer amended the March 19th to include permitting law enforcement "to utilize the monitoring device to recover geolocation data provided by the monitoring device concerning the position of the target vehicle and that in the event the target vehicle is transferred outside the territorial jurisdiction of the court, monitoring on the target vehicle's position may take place in any other jurisdiction within the united states." (See Exhibit B).

## II. LEGAL ARGUMENT

The defendant argues that the placing of the GPS device on the defendant's pickup truck was a "physical intrusion of a constitutionally protected area . . . [which] constitue[d] a violation of the Fourth Amendment. (Document 292 at 3). The defendant further claims that the government violated 18 United States Code Section 3117 when it attached the GPS device to the defendant's

pickup truck, because the installation occurred outside the issuing court's jurisdiction. Id. at 3-4. The defendant's arguments are without merit.

The GPS device was installed in the defendant's pickup truck on March 21, 2007, at Baltimore/Washington International Airport, in Baltimore, Maryland. The installation did not violate 18 United States Code Section 3117, because there are no Fourth Amendment implications involved in attaching a GPS to a vehicle when the vehicle is not in a zone of privacy. Further, the installation of the GPS device was accomplished at the same time the FBI installed the listening device pursuant to the Court's order of March 19, 2007, as amended on March 20, 2007. The listening device has GPS capability.

In United States v. McIver, 186 F.3d 1119, 1127 (9th Cir. 1999), the Court concluded that placement of tracking device is neither search nor seizure under the Fourth Amendment. See also United States v. Moran, 349 F. Supp. 2d 425, 467 (N.D.N.Y. 2005) concluding that there is no Fourth Amendment violation through the installation of a GPS device without warrant because "law enforcement personnel could have conducted a visual surveillance of the vehicle as it traveled on the public highways."

In United States v. Knotts, 460 U.S. 276, 281-82 (1983), the Supreme Court held that the warrantless installment of a "beeper" device in a vehicle for tracking purposes did not violate the Fourth Amendment. The Court articulated that

> A person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another. When [the suspect] traveled over the public streets he voluntarily conveyed to anyone who wanted to look the fact that he was traveling over particular roads in a particular direction, the fact of whatever stops he made, and the fact of his final destination when he exited from public roads onto private property.

.

Id.

Also, in U.S. v. Antonie Jones, 451 F.Supp 2d 71, 87-88, (D.D.C 2006), Judge Huvelle decided this same issue. Jones moved to suppress data from a GPS placed on his automobile when his vehicle was in Maryland. Id. at 87-88. The Court concluded that the government is not required to obtain a court order or search warrant to install a GPS or similar tracking device on a vehicle. Id. at 88. The Court did suppress GPS evidence which was obtained when Jones' vehicle was parked inside his garage because the vehicle had entered a private residence, and Jones had "a justifiable interest in privacy in [his] home." Id. In that instance, 18 United States Code Section 3117 was implicated because the vehicle entered a zone of privacy.

For these reasons, in this case, the government did not need to obtain judicial approval to install the GPS device on the defendant's pickup truck. The GPS was already installed inside the truck with the listening device. Judge Huvelle's concerns in Jones are not implicated here because to the best of our knowledge Glover's pickup truck was garaged only when it was being repaired. It was only then that the defendant had a reasonable expectation of privacy in the location of the pickup truck.

Further, Judge Collyer found probable cause for the installation of a listening device inside the defendant's pickup truck. The device had GPS capability as part of its function. Judge Collyer was certainly legally authorized to approve the placement of the listening device. the defendant does not contend otherwise. See Dalia v. United States ,441 U.S. 238 (1979). The GPS tracking was a component of the listening device. There was no further or more invasive intrusion. The government was lawfully permitted to enter the defendant's truck for installation of the listening and the GPS device, and Judge Collyer on March 220, 2007, permitted law enforcement to utilize the

GPS component of the listening device. The defendant cited United States v. Gbemisola, 225 F.3d 753, 757 (D.C. Cir. 2000), claiming that a court cannot permit the installation of a tracking device outside its jurisdiction. (Document 292 at 4). In Gbemisola, the GPS device was placed in a package destined for the defendant's rental mailbox, which implicated privacy interests, and 18 United States Code Section 3117. The Court did conclude that, under those circumstances, Court approval was necessary for the installation of the GPS device. Id. at 757-758. The Court further concluded that even if 18 United States Code Section was violated, "3117 does not prohibit the use of a tracking device in the absence of conformity with the section . . . nor does it bar the use of evidence acquired without a Section 3117 order.". Id. at 758.

WHEREFORE, the government respectfully requests that the Court deny defendant's motion.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____/S/_____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

_____/S/_____
ANTHONY SCARPELLI
Assistant United States Attorney

_____/S/_____
JOHN K. HAN
Assistant United States Attorney
