UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE. NO. 07-CR-153 (TFH) |
| | : | |
| | : | |
| LONNELL GLOVER, | : | |
| Defendant. | : | |

**GOVERNMENT'S THIRD SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO DEFENDANT'S
<u>EMERGENCY MOTION FOR COMPASSIONATE RELEASE</u>**

1

The United State of America, by its undersigned counsel, respectfully submits this Third Supplemental Opposition to the defendant's Emergency Motion for Compassionate Release filed pursuant to 18 U.S.C. § 3582 [dkt. 1075]. The focus of this supplement is to address recent developments in this case.

1. In his latest supplemental brief filed on February 25, 2021, the defendant asserts that he has contracted Covid-19 and that the risk of reinfection supports his request for immediate release. Defendant's Supplement [dkt 1089] at 1. The defendant acknowledged that because BOP follows the Centers for Disease Control ("CDC") guidelines, he could not be released into the community until after a period of quarantine and medical clearance. *See* Defendant's Supplement, at 16-17 (*citing United States v. Huntley*, No. 13-cr-119-ABJ, ECF No. 263, at 10 (D.D.C. May 5, 2020) (granting compassionate release to an asymptomatic COVID-19 positive defendant and ordering his release "after he has been quarantined for at least fourteen days, and it has been determined by medical personnel, in accordance with the Centers for Disease Control and Prevention criteria, that he no longer requires medical isolation precautions").

The government acknowledges that it is unfortunate that the defendant contracted COVID-19 while in BOP custody. On February 16, 2021, the defendant was placed in isolation and tested positive for COVID-19 on February 19, 2021, following a COVID-19 test administered on February 16, 2020. Defendant's latest medical records show that on February 16, 2021, temperature checks were ordered along with symptom screening. At that time, the defendant denied any COVID-like symptoms. However, despite contracting COVID-19, the defendant's symptoms have been relatively mild. *See* Medical Records submitted under seal as Exhibit 1. Starting on February 16, 2021, the defendant was seen daily by medical personnel, who recorded at least 10 straight days of normal temperature for the defendant and normal blood pressure and

pulse readings. *Id.* The defendant also had normal oxygen readings of 98% on February 24 and 25 after a slightly lower, but normal, oxygen reading on February 23 of 95%. *Id.*; s*ee* https://www.nonin.com/resource/what-is-your-normal-oxygen-level/ ("According to the Mayo Clinic, normal pulse oximeter readings usually range from 95 to 100 percent."). On February 25, 2021, at least 10 days after contracting COVID, the defendant had no COVID symptoms other than a cough and body aches. Sealed Exhibit 1. There is no evidence that defendant has not or will not make a complete recovery.

With no apparent complications from contracting COVID-19, there are no extraordinary and compelling circumstances. *See, e.g., United States v. Eddings,* 2020 WL 2615029 (E.D. Cal. May 22, 2020) (Lompoc inmate has risk factors, but he has endured COVID-19 for ten days without complications, so there is no extraordinary circumstance); *United States v. Krietzman,* 2020 WL 4368191, at *3 (N.D. Cal. July 30, 2020) (Terminal Island inmate who recovered does not present extraordinary reason; "we have strong evidence that none of Krietzman's medical conditions would induce a more severe illness from COVID-19 *since he already had an asymptomatic case of the virus*."). Moreover, as the defendant acknowledged, BOP follows the CDC Guidelines and would not have released the defendant to the community until he had tested negative for COVID-19. Thus, by that time, the defendant's asserted extraordinary and compelling reason for immediate release – testing positive for COVID-19 -- would have dissipated. *See United States v. McCallum,* 2020 WL 7647198, at *1 (S.D.N.Y. Dec. 23, 2020) ("Now that he has weathered the disease, a sentence reduction based on the risk of contracting it no longer makes sense."). Accordingly, defendant's motion now appears moot and should be denied.

2. The defendant also argues that because he has contracted COVID-19, he is at risk of reinfection and that this, in itself, presents an extraordinary and compelling circumstance. The

government disagrees. With respect to reinfection, the National Institute of Health published a study on January 26, 2021, that concluded that more than 95 % of people who recovered from COVID-19 had immunity to the virus up to eight months after infection. *See Lasting immunity found after recovery from COVID-19* available at https://www.nih.gov/news-events/nih-research-matters/lasting-immunity-found-after-recovery-covid-19. According to the published study, "[a]fter people recover from infection with a virus, the immune system retains a memory of it. Immune cells and proteins that circulate in the body can recognize and kill the pathogen if it's encountered again, protecting against disease and reducing illness severity." *Id.* According to the NIH, "[t]he researchers found durable immune responses in the majority of people studied. Antibodies against the spike protein of SARS-CoV-2, which the virus uses to get inside cells, were found in 98% of participants one month after symptom onset. As seen in previous studies, the number of antibodies ranged widely between individuals. But, promisingly, their levels remained fairly stable over time, declining only modestly at 6 to 8 months after infection." *Id.* Accordingly, the risk of reinfection is very limited.

      Other district courts have held that the risk of reinfection does not constitute an extraordinary and compelling reason justifying immediate release. *See, e.g., United States v. Risley*, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020) ("Courts generally find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release."); *United States v. Shahbazpour*, 2020 WL 3791633, at *2 (N.D. Cal. July 7, 2020) (relief denied because "there is no evidence-based consensus [regarding the risk of reinfection] among medical professionals"); *United States v. Billings*, 2020 WL 4705285, at *5 (D. Colo. Aug. 13, 2020) ("At this point, however, the possibility of reinfection, if not impossible, is strictly hypothetical. That uncertainty militates against an entitlement to compassionate release. . . .

Indeed, in other cases where inmates have recovered from COVID without lingering symptoms, courts have found the theoretical risk of reinfection does not present a compelling reason warranting compassionate release."); *United States v. Johnson*, 2020 WL 7244979, at *1 (N.D. Ind. Dec. 9, 2020) (the court is not persuaded by an inmate newsletter asserting three cases of death following reinfection; this is not a reliable source of medical information, and "[e]ven if the frightening reports of a second fatal infection with COVID-19 are entirely accurate, they involve 3 of the 124,538 federal inmates in BOP custody, and represent only .0024% of that population. These most unfortunate cases are so few in number that they do not provide extraordinary or compelling reasons to shorten Johnson's prison term."); *United States v. Davis*, 2020 WL 3790562, at *3 (S.D.N.Y. July 7, 2020) (risk of reinfection is only "speculative" and not sufficient); *United States v. Molley*, 2020 WL 3498482, at *3 (W.D. Wash. June 29, 2020) (the fact that there is scientific uncertainty regarding the risk of reinfection "cuts against compassionate release," given that "the party seeking release bears the burden of showing" that extraordinary circumstances exist). Here, the National Institute of Health states that people who recover from COVID-19 have immunity from reinfection for up to eight months. Moreover, the defendant's expert, Dr. Vijayan, whose declaration was prepared several months ago and before the NIH study, agrees that reports of reinfection have been "infrequent." Defendant's Exhibit K (Declaration of Dr. Vijayan). Thus, the defendant has failed to meet his burden of proving that, having already contracted and presumably recovered from COVID-19, that the risk of reinfection is, by itself, an extraordinary and completing reason justifying his immediate release.

WHEREFORE, this Court should deny defendant's motion for compassionate release.

        Respectfully submitted,

        Michael R. Sherwin
        Acting United States Attorney

By:   */s/*
        George Eliopoulos
        Assistant United States Attorney
        D.C. Bar No. 390-601
        555 4th Street, N.W.
        Room 4205
        Washington, D.C. 20530
        (202) 252-6957
        george.p.eliopoulos@usdoj.gov