**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA, |
| |
| v. |
| |
| LONNELL G. GLOVER, |
| *Defendant*. |

Case No. 07-cr-00153-1 (ACR)

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendant Lonnell G. Glover's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which was filed in July 2022, *see* Dkt. 1102, and re-assigned to the undersigned in May 2023.  In 2017, following remand after a trial and appeal, Mr. Glover pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iv), and 846.  *See* Dkt. 1015 at 1 (judgment); Dkt. 1114 (order directing Clerk to amend judgment under Federal Rule of Criminal Procedure 36).  The Court sentenced him to 21 years of imprisonment, five years of supervised release, and a forfeiture of $1,050,000.  *See* Dkt. 1015 at 2–5.  Based on good time credits, Mr. Glover—who is now 62 years old and has served more than 16 years in prison—has a current release date from his custodial sentence of June 19, 2024; he is scheduled to be released to home confinement on December 21, 2023.  *See* Dkt. 1118-1 at 1; Dkt. 1117-2.

The Government initially opposed Mr. Glover's motion for compassionate release.  *See* Dkt. 1107.  In November 2023, the Court held a status conference at which defense counsel explained that Mr. Glover has been diagnosed with prostate cancer, and the parties updated the Court on his upcoming home confinement date.  The next day, the Government filed a supplemental response, noting that given "the unique facts of this case," it "does not oppose [Mr. Glover's] motion for compassionate release but requests that the Court impose conditions of supervised release that include six months of home confinement."  Dkt. 1118 at 2.[1]  Mr. Glover filed a reply, arguing that, given his cancer diagnosis, he should not be subject to home confinement on supervised release.  *See* Dkt. 1117 at 1–2; *see also* Dkt. 1119.[2]  As explained below, effective November 17, 2023, the Court will grant Mr. Glover's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and modify his conditions of supervised release under 18 U.S.C. § 3583(e)(2) to include home confinement from November 17, 2023 through June 19, 2024.  *See United States v. Johnson*, 464 F. Supp. 3d 22, 42 n.11 (D.D.C. 2020) (explaining approach to reduce prison term to time served and modify previously-imposed term of supervised release to include period of home confinement); *United States v. Ellis*, No. 15-cr-124, 2020 WL 5073562, at *6 n.67 (E.D. La. Aug. 26, 2020) (same).

---

[1] The Government filed Dkt. 1118 as a corrected filing to its initial response, Dkt. 1116, and Mr. Glover filed a supplement to his reply, Dkt. 1119.

[2] In July 2022, Mr. Glover requested that "this Court grant his § 3582(c)(1)(A) motion, and order his immediate release *or*, in the alternative, order his immediate release and modify his conditions of supervised release *to include six months of home confinement*."  Dkt. 1102 at 27 (emphasis added).  In October 2023, with his home confinement date set for December 21, 2023, Mr. Glover (1) requested that the Bureau of Prisons (BOP) reduce his sentence to time served because of his prostate cancer diagnosis; and (2) asked whether he would be transferred to a halfway house before December 21, 2023.  Dkt. 1117-1; Dkt. 1117-2; *see also* Dkt. 1119 at 2 n.1.

Title 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), permits a court to "reduce a term of imprisonment" if four conditions are met: (1) the defendant has fully exhausted his administrative rights before the BOP, (2) "extraordinary and compelling reasons warrant such a reduction," (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,"[3] and (4) the court considers the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); *see United States v. Long*, 997 F.3d 342, 348 (D.C. Cir. 2021).

Because the Government no longer opposes Mr. Glover's motion, the Court will only briefly address each of the four § 3582(c)(1)(A) requirements.  *First*, Mr. Glover exhausted his administrative remedies by submitting a request for compassionate release in February 2022, which was denied the next month.  *See* Dkt. 1102-3; Dkt. 1102-4.[4]

*Second*, Mr. Glover has established extraordinary and compelling reasons that support a sentence reduction.  Mr. Glover is the only member of the drug conspiracy still in prison, and he

---

[3] The Sentencing Commission amended its policy statement, effective November 1, 2023, "to cover motions for sentence reduction filed by defendants and to expand the list of extraordinary and compelling reasons sufficient to support such a motion under § 3582(c)(1)(A)."  *United States v. Campbell*, No. 1:12-cr-439, 2023 WL 7220732, at *2 (M.D.N.C. Nov. 2, 2023); *see* U.S.S.G. § 1B1.13; *United States v. Burrell*, No. 3:04-cr-364, 2023 WL 7726404, at *4 n.7 (E.D. Va. Nov. 15, 2023).

[4] Mr. Glover's February 2022 request to the BOP stated that his health conditions included "increased PSA (prostate-specific antigen) levels."  Dkt. 1102-3 at 3.  Although the parties appear to dispute whether Mr. Glover exhausted his argument about his recent prostate *cancer* diagnosis, *see* Dkt. 1118 at 3; Dkt. 1117 at 1, which relates to his PSA levels, *see United States v. Morales*, No. 06-cr-248-4, 2021 WL 4622461, at *2 (D.D.C. Oct. 7, 2021), the Court need not address the issue because the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) "is a nonjurisdictional claim-processing rule," meaning it can be waived by the Government, *United States v. Wilson*, 77 F.4th 837, 841 (D.C. Cir. 2023), which the Government has done here, *see* Dkt. 1118 at 3.

has served several years during the COVID-19 pandemic.  *See* Dkt. 1102 at 9; Dkt. 1107 at 13.

"[A] day spent in prison under extreme lockdown and in well-founded fear of contracting a once-in-a-century deadly virus exacts a price on a prisoner beyond that imposed by an ordinary day in prison."  *United States v. Philibert*, 557 F. Supp. 3d 456, 461 (S.D.N.Y. 2021).  Further, Mr. Glover's current imprisonment is now compounded by his long list of health problems.  These problems include hypertension; type 2 diabetes; hyperlipidemia; sleep apnea; asthma; chronic sinusitis; intraocular pressure and glaucoma, Dkt. 1102 at 17; and prostate cancer, Dkt. 1117-1.

*Third*, these extraordinary and compelling reasons for release are consistent with the Sentencing Commission's policy statement.  That statement provides that "[e]xtraordinary and compelling reasons exist under" several specified "circumstances or a combination thereof," including when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health," U.S.S.G. § 1B1.13(b)(1)(C), as detailed above with Mr. Glover's longstanding health issues and prostate cancer.  The Court may also consider the "rehabilitation of the defendant while serving the sentence" so long as the rehabilitation is "considered in combination with other circumstances."  *Id.* § 1B1.13(d).  When considered with his health issues, including those issues experienced during the pandemic, *cf. id.* § 1B1.13(b)(5), Mr. Glover's rehabilitative efforts further support his release.  For example, Mr. Glover has taken classes to earn his GED; worked as a recreation orderly; earned positive reviews from the BOP, including a finding of minimum risk of recidivism; and strengthened close relationships with his wife and daughters while incarcerated.  *See* Dkt. 1102 at 20–22; Dkt. 1102-2 at 4–5, 7; Dkt. 1102-6.

*Fourth*, the Court finds that the 18 U.S.C. § 3553(a) factors further support granting Mr. Glover's motion.  Although "the nature and circumstances of the offense" Mr. Glover committed are serious, his "history and characteristics" weigh in favor of his release.  *Id.* § 3553(a)(1).  As Mr. Glover explained last year in a letter to Judge Hogan, "you deterred me from a life of crime," and "I am a change[d] man.  I am not the same man that I was when [I] was arrested in 2007."  Dkt. 1102-5 at 1.  And he has spent his time in prison reflecting on the harm he caused because of the PCP he sold, *see id.*, while also, as noted above, undertaking several efforts to rehabilitate himself.  Mr. Glover is suffering from prostate cancer, is 62 years old, and is already set to serve the final portion of his sentence under home confinement in about five weeks.  Therefore, the Court sees little "need for the sentence imposed" to remain in its current form for purposes of punishment, deterrence, public safety, or rehabilitation.  18 U.S.C. § 3553(a)(2); *see United States v. Ramirez*, No. 18-cr-20676, 2021 WL 168594, at *1 (E.D. Mich. Jan. 19, 2021) (granting motion for compassionate release where defendant was set to be eligible for home confinement in matter of weeks); *see also Phillibert*, 557 F. Supp. 3d at 461–63.  The Government also no longer opposes Mr. Glover's motion for compassionate release.  Mr. Glover has maintained strong relationships with his wife and daughters, *see* Dkt. 1102-6, amidst the challenges of spending years in prison, several of them during a pandemic.  He deserves to spend Thanksgiving and the upcoming holiday season at home with his family.  Now he will.

*       *       *

For the foregoing reasons, it is **ORDERED** that, effective November 17, 2023, pursuant to the authority vested in this Court to reduce a previously imposed term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), Defendant's motion for compassionate release, Dkt. 1102, is **GRANTED**, and the term of 252 months of imprisonment on Count 1 as set forth in the judgment, *see* Dkt. 1015 at 2 (original judgment); Dkt. 1114 (order directing Clerk to amend judgment), is hereby reduced to a sentence of **TIME SERVED**.

It is further **ORDERED** that within 72 hours of release from custody on November 17, 2023, Defendant shall report to the Probation Office of the District of Columbia to commence the 5-year term of supervised release that the judgment imposes.  Defendant shall abide by all of the supervised release conditions set forth in the judgment.  *See* Dkt. 1015 at 3–5.

It is further **ORDERED** that the conditions of supervised release imposed in the judgment are hereby **MODIFIED**, pursuant to this Court's authority under 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3583(e)(2), as follows.  From November 17, 2023 through June 19, 2024, Defendant's term of supervised release will include a condition of home confinement with a form of location monitoring technology indicated herein:

1. Defendant must follow the rules and regulations of the location monitoring program. Location monitoring technology is left to the discretion of the probation officer, including Radio Frequency (RF) Monitoring, GPS Monitoring (including hybrid GPS), SmartLINK, or Voice Recognition.  This form of location monitoring technology will be used to monitor the following restriction on Defendant's movement in the community.

2. Defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney

visits; court appearances; court-ordered obligations; house searching; or other activities as pre-approved by the probation officer.

The Clerk is directed to enter an amended judgment as set forth in this Order and in the Court's October 17, 2023 Order. *See* Dkt. 1114.

**SO ORDERED**.

Date:  November 16, 2023

_____
ANA C. REYES
United States District Judge